**HELTON LAW GROUP, APC**
STEVEN D. SPERLING (SBN 188709)
SSPERLING@HELTON.LAW
CHRISTOPHER GRZELECKI (SBN 346257)
CGRZELECKI@HELTON.LAW
ATTORNEYS AT LAW
1590 CORPORATE DRIVE
COSTA MESA, CA 92626
TELEPHONE: (562) 901-4499
FACSIMILE: (562) 901-4488

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN CITIES COMMUNITY HOSPITAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENNIS, INC., a Texas Corporation,<br><br>Defendants, | Case No: 2:23-CV10202-AB-DFM<br>ASSIGNED TO: HON. ANDRE BIROTTE JR.<br>DEPT.: 7B<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed: 10/05/2023<br>Removed: 12/4/2023<br>Trial Date: 03/18/2025 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

WHEREAS, Plaintiff TWIN CITIES COMMUNITY HOSPITAL, INC., and Defendant ENNIS, INC., (hereinafter collectively the "Parties" or referred to herein individually as a "Party") in the above-captioned action (the "Litigation"), and third parties, may be prejudiced by the disclosure of confidential, proprietary, protected health information, private, and/or trade secret information produced in discovery,

IT IS HEREBY STIPULATED by and between counsel for the undersigned parties that the following Stipulation for Protective Order and Order (the "Order") shall govern the handling of information produced in discovery by any party or non-party during the pre-trial stage of this Litigation ("Discovery Material") that is confidential,

1
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

subject to the Court's approval of this Order.  The handling of confidential information during trial shall be governed by a subsequent order.

1. "Supplying Party" shall mean the party to this case or non-party that produces the subject documents or information; it shall also mean the party or non-party designating information or documents for protection pursuant to this Order per Paragraphs 2 and 3 below.

2. "Confidential Information" shall mean any document or information produced or disclosed by a Supplying Party that is designated as confidential.

3. "Highly Confidential – Attorney's Eyes Only" shall mean any document or information produced or disclosed by a Supplying Party that is designated as attorney's eyes only.

4. "Receiving Party" shall mean the party or non-party receiving information designated as Confidential Information or Highly Confidential – Attorney's Eyes Only pursuant to this Order.

5. Any Supplying Party may designate as "Confidential" or "Highly Confidential – Attorney's Eyes Only" any Discovery Material the Supplying Party believes in good faith to be non-public and of a confidential nature, pursuant to this Order.  Confidential Information and Highly Confidential – Attorney's Eyes Only Information does not include information or documents that are generally available to the public or become generally available to the public other than as a result of disclosure by the party receiving the information, whether or not a party to this Litigation.

6. Any failure to designate electronically stored information as "Confidential" or "Highly Confidential – Attorney's Eyes Only" does not constitute a waiver of confidentiality, and any electronically stored information becomes subject to the protections of this Order from the time it is properly designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the terms of this Order.

7. A Supplying Party shall designate Discovery Material as Confidential Information or Highly Confidential – Attorney's Eyes Only Information pursuant to this Order in the following manner:

    a. For written materials and documents, by (i) stamping "Confidential" or "Highly Confidential – Attorney's Eyes Only" on each page containing any Confidential Information or Highly Confidential – Attorney's Eyes Only Information, or (ii) providing the parties subject to this agreement with notice designating the written materials as "Confidential" or "Highly Confidential – Attorney's Eyes Only, provided that any failure to designate a document as "Confidential" or "Highly Confidential – Attorney's Eyes Only" does not constitute a waiver of confidentiality, and any document becomes subject to the protections of this Order from the time it is properly designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the terms of this Order. Upon receiving a Supplying Party's notice designating written material as "Confidential" or "Highly Confidential – Attorney's Eyes Only," a Receiving Party shall take reasonable steps to maintain a copy of the notice with the material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only";

    b. For deposition testimony, by (i) a statement on the record by the deponent's counsel, or, if not represented by counsel, by the deponent or by counsel for any party to this litigation, that such testimony shall be designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only", at the time of or following such disclosure; or (ii) written notice from the deponent's counsel, or, if not represented by counsel, by the deponent or by counsel for any party to this litigation, to all parties that such testimony shall be designated as Confidential Information or Highly Confidential – Attorney's Eyes Only Information and including either a copy of the transcript pages stamped "Confidential" or "Highly Confidential – Attorney's Eyes Only" that contain the Confidential Information or Highly Confidential – Attorney's Eyes Only Information; (iii) or a list of the transcript pages to be deemed confidential, provided

that, until ten (10) court days after counsel receives a copy of a deposition transcript, the entirety of the transcript shall be treated as Confidential Information, unless the deposition transcript is received by the parties within ten (10) court days of the date set for trial, in which case the deposition transcript shall be treated as Confidential Information for five (5) days after counsel receives a copy of a deposition transcript. Where deposition testimony is designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by a statement on the record, arrangements shall be made with the court reporter taking and transcribing such proceeding, if any, to separately bind such portions of the transcript, including exhibits, containing information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only", and to label such portions appropriately; and

c. For electronically stored information, by marking "Confidential" or "Highly Confidential – Attorney's Eyes Only" on the medium containing the electronically stored information.

8. Confidential Information or Highly Confidential – Attorney's Eyes Only Information shall be used solely for the purposes of this Litigation including any appellate proceedings and may not be disclosed to anyone other than as provided for herein, or used for any purpose other than for this Litigation or any appeal thereof, unless: (1) agreed to in writing by the party(ies) who made the "Confidential" or "Highly Confidential – Attorney's Eyes Only" designation, (2) (as to personal health information, which shall have the same meaning as the term "protected health information" as defined in Title 45 of the Code of Federal Regulations (CFR) § 164.501, and shall include information, whether oral or recorded in any form or medium) authorized in writing by the patient, or (3) a party seeks and receives a court order permitting disclosure, including but not limited to for impeachment purposes in any legal proceeding, including an arbitration.

9. A Receiving Party may only disclose, summarize or otherwise communicate Discovery Material designated as "Confidential" in whole or in part to the following persons:

   a. The Receiving Party's counsel, including in-house and outside counsel, and its staff for use in accordance with this Order, with the specific caveat that the information may not be disclosed to any business personnel of a named party under this specific provision merely because an individual has a Juris Doctorate degree;

   b. Outside experts and consultants to the extent necessary for them to formulate an opinion, to prepare to testify, or to assist counsel in the Litigation, provided that they use any Confidential Information solely in connection with the Litigation; and further provided that they are provided a copy of this Order and confirm their understanding and agreement to abide by the terms of this Order by signing the Certification attached hereto as Exhibit A, a copy of which shall be maintained by counsel for the Receiving Party seeking to disclose such Confidential Information;

   c. Any party named in the Litigation, including its respective officers, directors and management personnel, agents, and employees, but only to the extent Receiving Party's counsel deems it reasonably necessary that such person provides assistance in this Litigation, all of whom shall be treated as parties for purposes of this Order;

   d. Deposition witnesses, provided there is a reasonable basis to believe the witness will give relevant testimony regarding the Confidential Information; and further provided that before a party or its counsel shows or discloses Discovery Material designated by another party as "Confidential" to any deposition witness not covered by paragraphs 9(a), (b), (c) or (f), such witness executes a Certification attached hereto as Exhibit A;

   e. Court reporters employed in connection with the Litigation and photocopy or document management services retained by counsel;

    f. Authors of documents containing Confidential Information, but only as to those documents containing Confidential Information that were authored by the individual, and persons who received and/or reviewed documents containing Confidential Information prior to its production in the Litigation;

    g. As to any Protected Health Information ("PHI") – information which is entitled to protection from disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") as set forth in 45 C.F.R. parts 160, 162, and 164, and the California Confidentiality of Medical Information Act ("CMIA") as set forth at California Civil Code §§ 56 *et seq.* – the patient who is the subject matter of the PHI, the patient's counsel, the patient's authorized representative, and any other person(s) authorized by the patient in writing.

    h. Any private mediator used in the Litigation;

    i. Any judge assigned to hear any issue in the Litigation, and the judge's clerks, courtroom assistants, and/or staff;

    j. Such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

   10. A Receiving Party may only disclose, summarize or otherwise communicate Discovery Material designated as "Highly Confidential – Attorney's Eyes Only" in whole or in part to the following persons:

    a. Counsel of record in this proceeding (including members and employees of such counsel's law firm), but expressly excluding a Party and its in-house counsel working for the Party.  Such Confidential Information shall not be disclosed to a Party or to an officer, director or employee of a Party, including in-house counsel for a Party and employees working with in-house counsel for the Party, unless otherwise agreed to in writing or so ordered by the Court. Furthermore, the contents, details, financial information, or rates found in such Confidential Information will not be shown, disclosed, summarized, conveyed, or otherwise discussed or described in

any manner to any person not entitled to review materials designated as "Attorneys' Eyes Only";

      b.    Court reporters; interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals are informed that the information is subject to a protective order and provided a copy of this Protective Order;

      c.    Outside experts and consultants who are not an employee of a named party to the extent necessary for them to formulate an opinion, to prepare to testify, or to assist counsel in the Litigation, provided that they use any Highly Confidential – Attorney's Eyes Only Information solely in connection with the Litigation; and further provided that they are provided a copy of this Order and confirm their understanding and agreement to abide by the terms of this Order by signing the Certification attached hereto as Exhibit A, a copy of which shall be maintained by counsel for the Receiving Party seeking to disclose such Confidential Information;

      d.    A person who is a current or former employee of the Receiving Party and who prepared, received, and/or reviewed the information in the capacity as an employee of the Receiving Party prior to its production in the Litigation;

      e.    During depositions, preparation of depositions, testimony at arbitration/trial, and preparation for testimony at arbitration/trial, a deposition/trial witness who is a current employee of the party or non-party that produced the applicable document(s), and who appears, based upon the document itself or other evidence or testimony, to have reviewed it prior to the Litigation or prepared the document designated "Highly Confidential – Attorney's Eyes Only";

      f.    As to PHI, the patient who is the subject matter of the PHI, the patient's counsel, the patient's authorized representative, and any other person(s) authorized by the patient in writing.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

    g. Any private mediators/arbitrators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

    h. Any judge assigned to hear any issue in the Litigation, and the judge's clerks, courtroom assistants, and/or staff; and

    i. Such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court, provided such person executes a Certification attached hereto as Exhibit A.

  11. Each Party that designates information or items for protection under this Order shall limit any such designation to specific material that qualifies under the appropriate standards. A Supplying Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  The parties shall meet and confer concerning any disputes concerning designations of Confidential Information or Highly Confidential – Attorney's Eyes Only Information prior to any motions challenging the designations are filed or any disputed material is lodged with the Court.  If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the designation.

  12. In submissions to the Court, a Receiving Party shall use its best efforts to limit the inclusion of material designated by a Supplying Party as Confidential Information or Highly Confidential – Attorney's Eyes Only Information, including lodging such information under seal, and limiting public filings to a redacted version of the submission, or as otherwise directed by the Court.

  13. Agreeing to this Order, producing or receiving Confidential Information or Highly Confidential – Attorney's Eyes Only Information or otherwise complying with this Order shall not:

      a.    Operate as or constitute an admission by any party that any Confidential Information or Highly Confidential – Attorney's Eyes Only Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter;

      b.    Operate as or constitute an admission by any party that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by a Supplying Party to be Confidential within the meaning of paragraph 2 or Highly Confidential – Attorney's Eyes Only Information within the meaning of paragraph 3;

      c.    Operate as or constitute a waiver of any attorney-client, work product or other privilege;

      d.    Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

      e.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

      f.    Prejudice in any way the rights of any party to request that particular Discovery Material or Confidential Information or Highly Confidential – Attorney's Eyes Only Information be treated more or less restrictively than otherwise provided for herein and, absent agreement of the parties, to petition the Court for a further order relating to any Confidential Information or Highly Confidential – Attorney's Eyes Only Information;

      g.    Prejudice in any way the rights of any party to offer, discuss, or respond to questions concerning documents or any other information at any hearing in this matter;

      h.    Prejudice in any way the rights of any party to seek a court determination whether any materials should be subject to the terms of this Order;

    i. Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material; or

    j. Require the parties to treat as Confidential PHI that has been de-identified and thus is no longer protected health information pursuant to 45 C.F.R. § 164.514.

  14. If a Receiving Party is served with a subpoena, order or other compulsory process from a non-party to this Order seeking production or other disclosure of a Supplying Party's Confidential Information or Highly Confidential – Attorney's Eyes Only Information, unless the requested records are public records and thus not subject to this Order or the disclosure of PHI is authorized by the patient, the Receiving Party shall use its best efforts to give written notice (by fax, if possible) to counsel for the Supplying Party, as appropriate, or the Supplying Party, as appropriate, itself as soon as practicable after receipt of the subpoena, order or other compulsory process, but in no event after disclosing the Confidential Information or Highly Confidential – Attorney's Eyes Only Information, except to the extent prohibited by law. Such notice shall transmit a copy of the subpoena, order or other compulsory process so that the Supplying Party, as appropriate, at its sole expense, may take such action as it deems fit to control dissemination of the Confidential Information or Highly Confidential – Attorney's Eyes Only Information. Provided that the Supplying Party, or any other interested party makes a timely objection, motion or other application for relief from the subpoena, the Receiving Party shall not produce or disclose the Confidential Information or Highly Confidential – Attorney's Eyes Only Information requested by the subpoena without consent of the Supplying Party, or until ordered by a court or arbitrator, as applicable.

  15. This Order has no effect upon, and shall not apply to, the Supplying Party's use of its own Confidential Information or Highly Confidential – Attorney's

Eyes Only Information, or the use and disclosure of PHI authorized by the patient in writing.

16. Non-party witnesses may avail themselves of the procedures and protections in this Order by agreeing in writing to be bound by its terms.

17. Additional parties joining or joined in the Litigation shall not have access to Confidential Information or Highly Confidential – Attorney's Eyes Only Information until they have executed and filed with the Court their agreement to be fully bound by this Order.

18. The inadvertent or mistaken disclosure or production by a Supplying Party of Confidential Information or Highly Confidential – Attorney's Eyes Only Information without designating it as such shall not constitute a waiver of any claim of confidentiality provided that, as soon as practicable after becoming aware of such disclosure, the Supplying Party notifies the Receiving Party of the inadvertent disclosure.

19. Nothing in this Order shall be construed in any way as a finding that information designated to be Confidential Information actually is Confidential Information or that information designated to be Highly Confidential – Attorney's Eyes Only Information actually is Highly Confidential – Attorney's Eyes Only Information. Any party to the Litigation may challenge a designation by written objection that specifies the information at issue and the grounds for objection. A party may challenge a designation at any time in the Litigation and failing to do so at the time the designation was made shall not preclude a later challenge. If the parties are unable to resolve the dispute informally after good faith efforts within a reasonable time, within thirty (30) calendar days (unless an extension is stipulated by the parties) after the parties' informal attempts at resolution have concluded, counsel for the Supplying Party may file a motion for a protective order with the Court seeking to uphold any or all designations made. Failure to file and serve a timely motion for a protective order within thirty (30) calendar days shall cause the Discovery Information

to lose its Confidential Information or Highly Confidential – Attorney's Eyes Only Information designation until such time a motion for a protective order is filed and served. Where a motion for a protective order is brought to maintain a Confidential Information or Highly Confidential – Attorney's Eyes Only Information designation, until the Court rules on the motion, the information at issue shall continue to be treated as Confidential Information or Highly Confidential – Attorney's Eyes Only Information. The party making the "Confidential" or "Highly Confidential – Attorney's Eyes Only" designation shall have the burden of proving the information warrants the "Confidential" or "Highly Confidential – Attorney's Eyes Only" designation.

20. Neither the provisions of this Order nor the lodging or filing of any material under seal shall prevent the use in open court or at any hearing or at trial in this action, of any Confidential Information or Highly Confidential – Attorney's Eyes Only Information subject to this Order or lodged or filed under seal pursuant to its provisions. The Parties agree to use their best efforts to limit their disclosure of Confidential Information or Highly Confidential – Attorney's Eyes Only Information subject to this Order in open court or at any hearing in this action to the minimum necessary. A party seeking to further restrict use of such materials in open court or at any hearing or at trial in this action bears the burden of bringing a motion for a protective order to restrict such use.

21. Should any Confidential Information or Highly Confidential – Attorney's Eyes Only Information be disclosed, through inadvertence or otherwise, by a Receiving Party to any person(s) not authorized under this Order, then the Receiving Party shall: (a) immediately notify the Supplying Party; (b) use its best efforts to obtain the return of the Confidential Information or Highly Confidential – Attorney's Eyes Only Information inadvertently disclosed; and (c) request such person(s) sign the Certification attached hereto as Exhibit A.

22. Within ninety (90) days following the termination of this action through settlement or adjudication, including all appeals, upon written request all Confidential Information shall be returned to the Supplying Party or destroyed, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer, or relate to such Confidential Information, which are not delivered to the Supplying Party shall be destroyed. Upon written request, counsel of record for each Party shall attest to compliance with the terms of this paragraph in an affidavit or declaration served on each other Party within the 90-day period. This paragraph shall not preclude counsel from maintaining a file copy of any pleading or hearing transcript that contains or attaches Confidential Information

23. Absent written permission of the Supplying Party or further order of the Court, the provisions of this Order shall continue to be binding after the conclusion of the Litigation, including any appeals therefrom.

24. Notwithstanding the terms and conditions of this Order, all persons and/or entities hereto (including Parties to the action as well as any executing Non-Party to the action) shall fully comply with any relevant and applicable provisions of the Health Insurance Portability and Accountability Act (HIPAA) as amended, including the Standards for Privacy of Individually Identifiable Health Information (the "Privacy Rule") located at 45 CFR Part 160 and Subparts A and E of Part 164, and California's Confidentiality of Medical Information Act located at California Civil Code sections 56 *et seq* with respect to Discovery Material disclosed in this litigation.

25. Facsimile or digital signatures in this stipulation shall be accepted and treated as if they were original signatures hereon.

26. This stipulation may be signed in counterparts, which shall be taken together to constitute the same Agreement.

27. The Court shall retain jurisdiction, even after termination of the Litigation, to: (a) make such arrangements, modifications and additions to this Order as it may

deem appropriate upon good cause shown; and (b) adjudicate any dispute relating to the use or disclosure of Confidential Information.

28. The parties request that the Court enter the Order below.

DATED: March 21, 2024         HELTON LAW GROUP, APC


By: ___/s/ Christopher Grzelecki___
STEVEN SPERLING
CHRISTOPHER GRZELECKI
Attorneys for Plaintiff
TWIN CITIES COMMUNITY HOSPITAL, INC.


DATED: March 4, 2024          ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
AMBER HEALY
MARK T. PALIN
NEIL KATSUYAMA
SABA SALAMATIAN
Attorneys for Defendant
ENNIS, INC.

# ORDER

Pursuant to the Stipulation of the Parties and for good cause appearing, the Court hereby orders the entry of this Protective Order on the terms and conditions set forth therein in the above-referenced matter.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: April 4, 2024

HON. DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATION - EXHIBIT A**

I _____, of_____ have read in its entirety and understand the Stipulated Protective Order in the litigation entitled TWIN CITIES COMMUNITY HOSPITAL, INC., *v. ENNIS, INC., et al.,* United States District Court, Central District Of California – Western Division, Case No. 2:23-cv-10202-AB-DFM. I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I fully understand that if I violate any provision of the Stipulated Protective Order, I will be subject to sanctions by the Court, in addition to any other remedies that a party may have. If I am not a party to this dispute, I agree that the Court may enforce this agreement at any time, including following the conclusion of this matter, and that an action may be brought before United States District Court, Central District Of California – Western Division to enforce the terms of this Stipulated Protective Order, and I submit to the jurisdiction of this court.

Dated: _____    _____

[Print Name]

_____

[Company]

[Address]